IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE J. MCCULLOUGH, | Case No. 1:10-cv-01465 LJO JLT (PC) |
| Plaintiff, | ORDER DISREGARDING MOTION TO AMEND AS MOOT |
| vs. | (Doc. 9) |
| JAMES A. YATES, et al., | FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE DUE TO PLAINTIFF'S FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES |
| Defendants. / | |
| | (Doc. 10) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the Court is Plaintiff's amended complaint filed October 28, 2010.[1]

**I.     Plaintiff has failed to exhaust his administrative remedies under the PLRA**

Plaintiff alleges that on September 7, 2008, he was subject to excessive force by correctional

---

[1] Plaintiff filed his original complaint and initiated this action on August 16, 2010. (Doc. 1) Before the Court had the opportunity to screen the complaint in accordance with 28 U.S.C. § 1915(A), Plaintiff filed an amended complaint on May 3, 2010 (Doc. 10), along with his motion to amend. (Doc. 9) Because Plaintiff may amend his pleadings as a matter of right before service of a responsive pleading, see Fed. R. Civ. P. 15(a), the Court will disregard the original complaint and will evaluate the amended complaint for screening purposes. Therefore, Plaintiff's motion to amend is **DISREGARDED as MOOT.**

1

officers while housed at Pleasant Valley State Prison. (Doc. 10 at 4) Plaintiff filed a grievance related to the incident on September 13, 2008. (Doc. 1, Ex A)[2] Plaintiff's grievance was "screened out" on September 22, 2008 at the First Level because he provided documentation in excess of the page limit. (Doc. 1 at 12) He was invited to remove the excess documents and resubmit the grievance. Id. Once again, on September 26, 2008, Plaintiff's grievance was "screened out" because it was incomplete and illegible and because Plaintiff failed to attach the previous "screen out" form. Id. at 13. On October 4, 2008, Plaintiff filed an appeal from the screening decision. Id. at 14.

The grievance was accepted and an investigation was initiated. (Doc. 1 at 15-16) The investigation included interviews of the involved officers and Plaintiff and review of the incident reports. Id. As a result of the investigation, the staff members were exonerated and the determination was that "Staff did not violate CDCR policy." Id. at 16. This determination was made on December 5, 2008. Id.

In the meantime, Plaintiff was charged with a rule violation namely, "resisting staff necessitating the use of physical force," related to the incident. (Doc. 1 at 18) The hearing on this charge was held October 14, 2008, after which Plaintiff was found guilty. Id. at 21-23. At the time, Plaintiff was advised of his right to appeal but there is no indication that he did so. Id. Plaintiff alleges that on October 19, 2008, he was paroled. (Doc. 1 at 1)

Plaintiff was returned to custody sometime before March 2010. (Doc. 1 at 26) At that time, he filed a grievance related to his "endorsement" to Pleasant Valley State Prison. (Doc. 1 at 26) In it, Plaintiff claimed that he should not be housed at PVSP due to the September 2008 incident. Id. The grievance was denied at the First and the Second Levels based upon the earlier determination that the correctional officers acted properly. Id. at 27-29. He was informed that he could seek appeal to the Director's Level. Id. Plaintiff alleges that on May 21 or 22, 2010, he sought the Director's Level Review but there is no indication of the outcome. Id. at 27.

**III.   Discussion**

The Prison Litigation Reform Act requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

---

[2] In his First Amended Complaint, Plaintiff asserts that he attached exhibits to the complaint outlining his grievances but he failed to do so. (Doc. 10 at 1) Thus, the Court relies here, upon the exhibits Plaintiff attached to his original complaint.

jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a prerequisite to the inmate filing a lawsuit. See Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 739 (2001). The PLRA requires the inmate to exhaust every level in the administrative process. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002). If the Court concludes that the prisoner has failed to exhaust his administrative remedies, the proper remedy is dismissal without prejudice. Wyatt v. Terhune, 315 F.3d 1108, 1119-1120 (9th Cir. 2003).

The goals of the PLRA's exhaustion requirement are to: (1) "eliminate unwarranted federal court interference with the administration of prisons;" (2) "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case;" and, (3) "reduce the quantity and improve the quality of prisoner suits." Woodford v. Ngo, 548 U.S. 81, 84-85 (2006). Therefore, "the PLRA exhaustion requirement requires full and proper exhaustion." Id. at 92-94.

The grievance and appeal procedure for inmates in the custody of the California Department of Corrections and Rehabilitation, is a multi-step process. Vaden v. Summerhill, 449 F.3d 1047, 1048-49 (9th Cir. 2006); Cal. Code Regs. tit. 15, §§ 3084.1-3084.6. Generally, the inmate can complete an "Inmate/Parolee Appeal Form" form after the inmate has attempted to resolve the matter informally with the involved officer. Cal. Code Regs. tit. 15, § 3084.5(b); Doc. 1 at 26. If denied at this First Level, the inmate can appeal to the Second Level which, generally, is to the warden or the warden's designee. Cal. Code Regs. tit. 15, § 3084.5(c). The final level of review, the Director's level, is conducted by the CDCR's Director or designee. Id. § 3084.5(d); Doc. 1 at 27.

Plaintiff admits that he did not exhaust his administrative remedies as to the September 13, 2008 incident. (Doc. 1 at 1; Doc. 10 at 1) To determine whether the PLRA applies, the Court is to look at the Plaintiff's status at the time he files his complaint. Talamantes v. Leyva, 575 F.3d 1021, 1023-1024 (9th Cir. 2009). By its plain language, the PLRA applies to plaintiffs who are prisoners at the time that lawsuit is filed. Id. When Plaintiff filed this litigation, he was a prisoner. (Doc. 1 at 1) Thus, the PLRA applies to this action. Though Plaintiff could have filed this litigation before he was reincarcerated without exhausting the PLRA, because he filed it after his reincarceration, the PLRA required him to exhaust his administrative remedies before he filed his complaint. Id.

In <u>Smedley v. Reid</u>, 2009 U.S. Dist. LEXIS 124278 at *8 (S.D. Cal. Sept. 29, 2009), the court faced a similar factual situation. In that case, the plaintiff was a prisoner at the time of the incident. <u>Id</u>. He partially exhausted the administrative process but was released before completing it. <u>Id</u>. Sometime later, the plaintiff was reincarcerated and during this period, filed his complaint. <u>Id.</u> Thus, in <u>Smedley</u>, "The question therefore is whether a plaintiff who failed to exhaust his administrative remedies while in prison, or to file a complaint upon his release, still is subject to the exhaustion requirement when he files a complaint upon re-incarceration, and subsequently is re-released." <u>Id</u>. at *9.

In answering the question in the affirmative, the court relied upon <u>Talamantes</u>, in which the Ninth Circuit Court of Appeals held, "It is well settled that, in a statutory construction case, analysis must begin with the language of the statute itself; when the statute is clear, 'judicial inquiry into [its] meaning, in all but the most extraordinary circumstance, is finished.'" 575 F.3d at 1023 quoting <u>United States v. Carter</u>, 421 F.3d 909, 911 (9th Cir. 2005)). Thus, the <u>Smedley</u> court held, "Although Plaintiff later was released, he was a prisoner at the time he filed the Complaint, and, under the plain language of the statute, therefore was required to have exhausted all available administrative remedies." <u>Smedley</u>, 2009 U.S. Dist. LEXIS 124278 at *9. In doing so, <u>Smedley</u> noted that the plaintiff made efforts after his release to exhaust his administrative remedies but did not completely exhaust his remedies. <u>Id</u>. at 11-12 n. 4. Thus, the <u>Smedley</u> court, unlike here, was not required to determine whether the plaintiff's release from prison prevented exhaustion under the PLRA.

Here, Plaintiff explains his failure to exhaust his administrative remedies by explaining that he was paroled before he could do so. <u>Id</u>. However, the notification provided to him *after* he was paroled advised him, "If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review."[3] (Doc. 1 at 15) Moreover, the administrative remedies provided in California are made available to parolees under Title 15, Section 3084.1 of the California Code of Regulations. The regulations provide, in pertinent part,

> The appeal process is intended to provide a remedy for inmates and parolees with identified grievances and to provide an administrative mechanism for review of

---

[3]Notably, Plaintiff *did,* apparently, seek all levels of review related to his placement at KVSP based upon the September 2008 incident–though not as to the underlying determination regarding the use of force–before filing the instant litigation. (Doc. 1 at 26-29)

4

> departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the welfare of inmates and parolees . . .
>
> (a) Any inmate or parolee under the department's jurisdiction may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare.
>
> (b) Unless otherwise stated in these regulations, all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted. All lower level reviews are subject to modification at the third level of review . . .
>
> (c) Department staff shall ensure that inmates and parolees, including those who have difficulties communicating, are provided equal access to the appeals process and the timely assistance necessary to participate throughout the appeal process.
>
> (d) No reprisal shall be taken against an inmate or parolee for filing an appeal . . .
>
> (e) The department shall ensure that its departmental appeal forms for appeal of decisions, actions, or policies within its jurisdiction are readily available to all inmates and parolees.
>
> (f) An inmate or parolee has the right to file one appeal every 14 calendar days unless the appeal is accepted as an emergency appeal . . .

Cal. Code Regs., tit 15, § 3084.1 (2011). Thus, the Court concludes that Plaintiff was required to *either* file his complaint while he was not a prisoner so that the PLRA would not apply to him *or* comply with the PLRA and exhaust his administrative remedies.

Other courts agree. In <u>Gibson v. Brooks</u>, 335 F.Supp.2d 325, 326-327 (D. Conn. 2004), the plaintiff was assaulted while in prison. Soon thereafter, the plaintiff was released but returned to custody ten months later. <u>Id.</u> During this new period of incarceration, he filed his § 1983 action related to the assault. <u>Id</u>. The court held that the plain language of the PLRA and its legislative history demonstrated that the plaintiff was required to exhaust his administrative remedies before filing his lawsuit. <u>Id</u>. at 330. <u>Gibson</u> noted,

> Admittedly, section 1997e(a) creates a rather odd situation in which a person's ability to enforce his or her constitutional rights can be stripped upon incarceration, even where the rights to be enforced were infringed during that person's incarceration on an unrelated conviction. Gibson could have filed suit with respect to the September 16, 1999 incident in the 18-month period during which he was first on parole and later released. Had he filed within that time period, Gibson would not have been subject to the requirements of section 1997e (a). Upon his incarceration on October 3, 2001, however, Gibson became, once again, a "prisoner," subject to the PRLA's [sic] requirement that he exhaust any available administrative remedies prior to filing a lawsuit with respect to prison conditions. Gibson is a prisoner and was a prisoner on the date that he filed this

suit, September 9, 2002. That his status as a prisoner bears directly on his ability to bring a lawsuit alleging a violation of constitutional rights is a result of congressional intention expressed in clear statutory language.

Id.; see also Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2004) (finding that administrative procedures were "available" to plaintiff during period when he "was reincarcerated in the custody of the agency against which he had grievances" despite "[t]he fact that his two reincarcerations were for offenses different from the one for which he was confined when his grievances arose[.]").) Therefore, because Plaintiff was a prisoner at the time he filed his complaint, he was required to exhaust his administrative remedies and he did not do so.  Therefore, the Court must recommend that the matter be **DISMISSED WITHOUT PREJUDICE.**

**IV.   CONCLUSION**

Accordingly, it is HEREBY RECOMMENDED that:

1.   This action be **DISMISSED WITHOUT PREJUDICE** as barred by the PLRA; and

2.   The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 21 days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(c).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 28, 2011**                              **/s/ Jennifer L. Thurston**
                                                                                    UNITED STATES MAGISTRATE JUDGE